UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT MORRIS,<br>          Petitioner,<br><br>vs.<br><br>WARDEN BRENT FLUKE and SOUTH DAKOTA ATTORNEY GENERAL<br><br>          Respondents. | 4:20-CV-04040-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

Petitioner, Robert Morris, filed a pro se petition for writ of habeas corpus. Docket 1. Defendants, Warden Brent Fluke and South Dakota Attorney General, moved to dismiss the petition. Docket 8. The matter was referred to Magistrate Judge Veronica L. Duffy for a report and recommendation and she recommended dismissing the petition for failure to file the petition within the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA) and failure to exhaust state remedies. Docket 12. Morris timely filed an objection to the report and recommendation. Docket 14. For the following reasons, the court adopts Magistrate Judge Duffy's report as supplemented herein.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any

objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. *See* Fed. R. Civ. P. 72(b). ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

Morris objects to that portion of the report and recommendation that finds that his petition for habeas review was barred by the statute of limitations under the AEDPA and that the time limits were not equitably tolled. Docket 14 at 2-3. He argues that the court made an error in calculating his time before filing a federal habeas, because he filed it "in about 2 years and not 'six and half' " as the Magistrate Judge found. *Id.* at 3.

Morris's AEDPA statute of limitations began to run on August 19, 2013, when the South Dakota Supreme Court dismissed his direct appeal at his request. Because Morris dismissed his direct appeal, the 90-day tolling period to seek a writ of certiorari from the United States Supreme Court does not apply. *Jihad v. Hass*, 267 F.3d 803, 804 (8th Cir. 2001). The one-year AEDPA limitations period, therefore, expired on August 19, 2014. There is no dispute that Morris failed to file his federal habeas by this date.

Morris filed his state court petition for habeas relief on April 15, 2015. This was 20 months after he dismissed his state court direct appeal. But

2

Morris's post-conviction proceeding in state court did not toll or revive the previously expired AEDPA limitation period. *McMullan v. Roper*, 599 F.3d 849, 851-53 (8th Cir. 2010).

The Supreme Court has held that the limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida,* 560 U.S. 631, 645 (2010). "[But] a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal citation and quotations omitted).

Here, Morris alleges that he did not factually know there were outstanding warrants pending against him before he came to court, his Fourth Amendment issue was concealed from him, he was misdirected by state actors, and he was ignorant of the law. Docket 14 at 13-14. None of these allegations constitute extraordinary circumstances that stood in his way and prevented him from timely filing his federal petition for habeas relief. Equitable tolling is not available to rescue Morris from his own lack of diligence. *Nelson v. Norris,* 618 F.3d 886, 892-93 (8th Cir. 2010); *Finch v. Miller*, 491 F.3d 424, 426-28 (8th Cir. 2007). Furthermore, a federal petitioner's pro se status, lack of legal knowledge or resources, and failure to recognize the ramifications of 28 U.S.C. § 2244(d)(A)(1) do not warrant equitable tolling. *Nelson,* 618 F.3d at 892-93; *Finch,* 491 F.3d at 426-28. Therefore, the court finds that Morris is not entitled to equitable tolling and his petition is time barred under the AEDPA.

Morris also objects to Magistrate Judge Duffy's recommendations regarding procedural default and other issues. Because this matter is time-barred under the AEDPA, the court need not reach the other issues raised by Morris.

**CONCLUSION**

This court has reviewed Magistrate Judge Duffy's report and recommendation de novo and Morris's objections. This court adopts the report and recommendation and dismisses Morris's petition for relief with prejudice.

Thus, it is

ORDERED that the report and recommendation (Docket 12) is adopted in full as supplemented herein. Morris's objections to the report and recommendation (Docket 14) are overruled. Respondents' motion to dismiss (Docket 8) is granted. Morris's pro se petition for habeas corpus is denied with prejudice.

IT IS FURTHER ORDERED that based upon the reasons stated and under Fed. R. App. P. 22(b), the court finds that Morris has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

Dated December 29, 2020.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE